Filice Brown Eassa & McLeod LLP
Gennaro A. Filice III, Bar No. 061112
Richard V. Normington, Bar No. 130228
Daniel J. Nichols, Bar No. 238367
1999 Harrison Street, Suite 1800
Oakland, California 94612-3520
Telephone: 510.444.3131
Facsimile: 510.839.7940

Attorneys for Defendant
Chevron Credit Bank NA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIVISION - FRESNO

| | |
|---|---|
| Hussein O. Ali, Plaintiff, v. Chevron Credit Bank NA, Defendant. | Case No. **NOTICE OF REMOVAL (FEDERAL QUESTION)** |

TO THE UNITED STATES DISTRICT COURT for the Eastern District of California:

Defendant Chevron Credit Bank NA ("Chevron Credit") is the defendant in the civil action brought on November 20, 2007 in the Superior Court of California, County of Fresno by Plaintiff Hussein Ali ("Plaintiff"). Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Chevron Credit removes this action to the United States District Court for the Eastern District of California, Fresno Division, which is the judicial district and division in which the action is pending.

**Grounds for Removal**

The grounds for removal are:

1. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United State within the meaning of 28 U.S.C § 1331.

2. In particular, jurisdiction is proper over Plaintiff's claims arising from the Fair Credit Reporting Act (15 U.S.C. § 1681, et. seq.) pursuant to 15 U.S.C. § 1681p. These federal claims constitute Plaintiff's principal claims for relief.

3. The other bases for relief asserted by Plaintiff in his action all arise out of the same set of facts and are part of the same case and controversy, so that this court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a).

**Timeliness of Removal**

This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because service of Plaintiff's initial pleading and summons was completed on April 28, 2008 pursuant to California Code of Civil Procedure, section 415.30(c). This Notice of Removal is filed within 30 days of formal service and is timely filed under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**Papers Served in Action**

Pursuant to the provisions of 28 U.S.C. § 1446(a), defendant attaches to this notice and incorporates by reference copies of the following papers, which are all of the process, pleadings, and orders served prior to removal of this action:

1. Complaint, filed in the Superior Court of California, County of Fresno, Case No. 07CECG03925, which is being marked as Exhibit 1.

2. Summons and Acknowledgment of Receipt in the case of *Hussein Ali v. Chevron Credit Bank NA*, Case No. 07CECG03925, Superior Court of California, County of Fresno, sent on April 8, 2008, which is being marked as Exhibit 2. These documents were received on April 11, 2008.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

3. Executed Acknowledgement of Receipt in the case of *Hussein Ali v. Chevron Credit Bank NA*, Case No. 07CECG03925, Superior Court of California, County of Fresno, executed on April 28, 2008, and thereafter sent to Plaintiff, which is being marked as Exhibit 3.

**Notice**

Pursuant to the provisions of 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of California, County of Fresno and is being given to Hussein Ali.

Dated: May 11, 2008

By: ______________________

Gennaro A. Filice III
Richard V. Normington
Daniel J. Nichols
Attorneys for Defendant
Chevron Credit Bank NA

FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

# Exhibit 1

Hussein Ali
5545 W Paul Ave
Fresno CA 93722
Hussein_ali@sbcgobal.net
(209) 752-1200

FILED
NOV 2 6 2007
FRESNO COUNTY SUPERIOR COURT
BY NAG DEPUTY

**Superior Court of California**
**County Fresno**

AMC

Hussein O Ali, Plaintiff,
vs.
Chevron Credit Bank NA, Defendant

) NO. 07CECG03925

) **COMPLAINT**

**PRELIMINARY STATEMENT**

1- Chevron Credit Bank NA is a financial Institution providing financial Service through out the United States of America.

2- Hussein O Ali is a resident of state of California and currently residing in the County of Fresno

3- Defendant, Chevron Credit Bank, is a subsidiary of Chevron Co. that issues Chevron charge cards in all 50 US states.

**II**
**JURISDICTION AND VENUE**

The County Superior Court has Jurisdiction over this matter because the relief requested includes a permanent injunction and the monetary relief demanded more than $25,000. The Plaintiff residence in Fresno County is controlling as the Venue.

**III**
**PARTIES**

The Plaintiff, Hussein Ali is and at times mentioned herein, is a resident of Fresno County, California, and over twenty-one years of age.
Plaintiff is informed and believes and thereon alleges that defendant Chevron Credit Bank NA is a corporation and does business under this name.

## IV
## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

The plaintiff has been dealing with Chevron Credit Bank NA. For the past three years the plaintiff has been making payment on time toward the credit card that was issued by the Defendant. Chevron Credit Bank NA. is currently reporting on the plaintiff credit reports as late. The report on the plaintiff credit report is causing the plaintiff hardship and difficulties obtaining any a credit and jobs. The Plaintiff was in the process of purchasing a home and was approved for the loan when the financial company who is financing the loan reversed course and rejected the loan at the last minute due to the Defendant negative reporting. Due to the incorrect negative reporting of the Defendant the Plaintiff Lost $5,000.00 in this transaction. The Plaintiff will not be able to purchase a home in the near future because of the negative reporting of the Defendant.

The Defendant incorrect negative reporting made the Plaintiff Credit worthiness worthless. The Plaintiff has to live with the Defendant's negligent for the next seven years. This incorrect negative reporting must and should be corrected.

Plaintiff contacted the credit reporting agencies (Trans Union, Experience, and Equifax) and disputed the information. The Defendant failed to conduct the proper investigation and kept reporting the negative information as it is. **Exhibit A** Chevron Credit Bank NA. was notified by the credit boroughs (Trans Union, Experian, and Equifax) of the dispute. Chevron Credit Bank NA. Failed to conduct the required investigation according to the Statute, It only verified the information. The Defendant verified the information the name address and the social security. The Defendant must conduct an in-depth investigation when ever a consumer disputed the information that it provides to the credit boroughs.

### 2. LEGAL ARGUMENT

1. Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000). A U.S. district court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 etseq., permits consumers to bring private causes of action against furnishers of information to credit reporting agencies who fail to properly investigate disputed credit information.
2. The law is very clear that when furnisher of information receives a dispute from the CRA it must investigate. UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT LINDA JOHNSON v. MBNA AMERICA BANK, NA, Defendant Appellant, No. 03-1235, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 99 F. Supp. 2d 918, *; 2000 U.S. Dist. LEXIS 8018, ** SCOTT DORNHECKER, JOSE SANCHEZ, and CAROLYN

JOHNSON, Plaintiffs, v. AMERITECH CORPORATION, Defendant. No. 00 C 26

3. Instead of compelling a credit reporting agency to act as an attorney general on behalf of all consumers, the FCRA provides that a consumer may hold any person liable for failing to comply with any of the Act's requirements. **TOBY D. NELSON, Plaintiff-Appellant, v. CHASE ANHATTAN MORTGAGE** CORP., Defendant-Appellee. No. 00-15946 United States Court of Appeals for the Ninth Circuit D.C. No. CV-99-00290-JBR (RLH). A consumer who is dissatisfied with the results -- or lack thereof -- of the investigation undertaken by a furnisher of information may, therefore, protect his or her rights by filing a private cause of action against the furnisher of information in federal court. By creating this private cause of action against a furnisher of information, §1681s-2(b) of the FCRA protects the credit reporting agency that has followed reasonable procedures designed to ensure the maximum possible accuracy of reported information by relieving the agency of the threat of litigation by an injured consumer and the burden of litigating the rights of all consumers. As well, allowing a consumer to bring a private cause of action against a furnisher of information when the furnisher has failed to adequately investigate disputed information ensures that the injured party, the consumer, maintains the power to protect his or her individual rights.

4. The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

5. TOBY D. NELSON, Plaintiff-Appellant, v. CHASE MANHATTAN MORTGAGE CORP., Defendant-Appellee. No. 00-15946 United States Court of Appeals for the Ninth Circuit D.C. No. CV-99-00290-JBR (RLH) The amendment of § § 1681n & o effected in 1996. Before amendment, § 1681n & o provided for suit against a CRA or against a user of credit information, but not against a furnisher. When the statute was amended, "any person" was made open to suit. *See* Pub.L. 104-208 at § 2412; 110 Stat. 3009 at § 2412 (1996) ("section 616 of the [FCRA] . . . is amended by striking ' any consumer reporting agency or user of information which' and inserting ' (a) IN GENERAL, any person who' "). As counsel for the FTC observed, there are involved in any credit transaction only the consumer, the CRAs, the user of the credit reports and the furnishers of the credit information. As consumers would not be made subject to suit by consumers, and as CRAs and users were already suable, who else except furnishers could Congress have had in mind when it introduced "any person" into the statute? Where, other than under § 1681s-2(b) would furnishers be suable by consumers.



6. In Dornhecker v. Ameritech Corporation, [FN1] the court held that the FCRA provides individual consumers with a private right of action against a furnisher of credit information for failing to properly comply with its investigative duties once it has received notice of a dispute from a credit reporting agency. Three plaintiffs. who were consumers as defined by the FCRA, alleged that Ameritech opened phone service accounts on behalf of third persons who fraudulently used plaintiffs' names and other identifying information, and thus allowed debt to be falsely incurred in their names. Plaintiffs alleged that because Ameritech failed to appropriately screen account applicants, it opened accounts on behalf of third persons who used plaintiffs' personal identifiers to receive services from Ameritech. Plaintiffs never received these services. Ameritech eventually enlisted the aid of collection agencies and reported the bad debt to credit reporting agencies. Ameritech requested dismissal of plaintiffs' FCRA claims, saying that there was no private right of action under the section of the FCRA requiring furnishers of information to investigate disputed credit information. Analyzing the case under the four-factor test set forth by the Supreme Court in Court v. Ash [FN2] for determining whether a private remedy is implicit in a statute not expressly providing for one, the court held that individual consumers do have a private right of action against a furnisher of information under the FCRA. [FN3

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

The plaintiff's alleges that Chevron Credit Bank NA is negligent of non-compliance with the FCRA. Section 1691o(a). Chevron Credit Bank NA who is negligent in failing to comply with the requirement imposed under this subchapter with respect to the plaintiff is liable to that consumer for damages and costs. The Plaintiff suffered due to that negligent and non compliance by failing to investigate the dispute. THEREFORE Plaintiffs request judgment against Defendants for damages of $1,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

Chevron Credit Bank NA failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By the failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary .hardship. THEREFORE Plaintiffs request judgment against Defendants for damages of $1,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

**THIRD CAUSE OF ACTION**
**LOSS OF OPORTUNITY**

Chevron Credit Bank NA failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By the failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary .hardship As a result of the

defendants' conduct, actions, and inaction, the plaintiff who in fact had an impeccable credit history, was unable to secure credit at favorable rates and was denied credit by First USA bank for a 0% interest rate credit card available for balance transfers for 6 months.

As a result of defendants' conduct, actions and inaction, the plaintiff, was unable to secure favorable credit privileges. As a result, the plaintiff incurred interest and finance charges relating to credit far in excess of what he would have otherwise incurred had he been able to secure credit elsewhere.

As a result of the defendants' conduct, actions and inaction, the Plaintiffs suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to their reputation for credit worthiness.

The defendants' conduct, actions and inactions were willful, rendering the defendant's liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C.§ 1681n.

THEREFORE Plaintiffs request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

**Fourth Cause of Action**
**DEFAMATION**

Chevron Credit Bank NA published to Equifax, Trans union, and Experian, a major credit reporting agencies, the fact that Plaintiff was severely delinquent in paying on his account and had an outstanding balance. The defendants published this information in writing to Equifax, Trans union, and Experian a credit reporting agencies. The defendant knew the statements were false when made or had no factual basis for making the statements. The defendants knew this. The written publications by the defendants constitute libel per se. As a direct and proximate result of the defendants' defamation, the Plaintiffs have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit. The defendants' acts were malicious, willful, and wanton and to the total disregard of Plaintiff's just rights.

THEREFORE Plaintiffs request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE**

Civil liability for negligent noncompliance [15 U.S.C. § 1681o] In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure;

In the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the court. The defendants had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation. The defendants have negligently violated their duty of reasonable care to Hussein Ali by continuing to report the Chevron Credit Bank NA account as severely delinquent. As a direct and proximate result of the defendants' negligence, the Plaintiffs have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiffs have suffered economic and psychological damages as a result of the negligence of Defendants and are entitled to reimbursement and compensation for their injuries.

WHEREFORE, Plaintiffs request judgment against Defendants for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

DATED: November 25, 2007

By: ______________________

Hussein Ali
Pro se



| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Department - Non-Limited**<br>1100 Van Ness Avenue Fresno, CA 93724-0002<br>(559)488-3352 | *FOR COURT USE ONLY*<br><br>Filed<br>Fresno County<br><br>NOVEMBER 26, 2007<br>By System |
|---|---|
| TITLE OF CASE:<br><br>**Hussein Ali vs Chevron Credit** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**07CECG03925AMC** |

**To All Parties and their Attorneys of Record:**

This case has been assigned to Judge **Adolfo M. Corona** for **all purposes**.
All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **~~APRIL 01~~, 2008** at **10:00 AM** in **Dept 3, Floor B2** of the court located at **1100 Van Ness Avenue, Fresno, California.** June 02,

You must comply with the requirements set forth in Fresno Superior Court Local Rule 3.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **November 26, 2007** Clerk, by [signature] **N. Goehring**, Deputy

# Exhibit 2



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NOV 2 6 2007
FRESNO COUNTY SUPERIOR COURT
By NAG DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Chevron Credit Bank NA
P.O. Box 5010
Concord, CA 94524

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Hussein Ali
5545 W Paul Ave
Fresno CA 93722 hussein_ali@sbcglobal.net (209) 752-1200

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

AMC

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California County Fresno
1100 Van Ness Ave Fresno CA 93724

CASE NUMBER: *(Número del Caso):* 07 CE CG 03925

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hussein Ali
5545 W Paul Ave Fresno CA 93722

DATE: *(Fecha)* NOV 2 6 2007 Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Hussein O Ali<br>5545 W Paul Ave<br>Fresno CA 93722<br>TELEPHONE NO.: 209 752-1200 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO<br>STREET ADDRESS: 1100 Van Ness Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fresno CA 93724<br>BRANCH NAME: Civil Division | |
| PLAINTIFF/PETITIONER: Hussein O Ali<br>DEFENDANT/RESPONDENT: Chevron Credit Bank NA | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: |

TO *(insert name of party being served):* THE PRENTICE-HA LL CORPORATION SYSTEM, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 8, 2008

Karima Ali
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:

Case Management Conference

***(To be completed by recipient):***

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



American LegalNet, Inc.
www.USCourtForms.com

# Exhibit 3

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Hussein O Ali
5545 W Paul Ave
Fresno CA 93722

TELEPHONE NO.: 209 752-1200 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1100 Van Ness Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno CA 93724
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Hussein O Ali
DEFENDANT/RESPONDENT: Chevron Credit Bank NA

NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER:

TO (insert name of party being served): THE PRENTICE-HA LL CORPORATION SYSTEM, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 8, 2008

Karima Ali
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

Case Management Conference

(To be completed by recipient):

Date this form is signed: April 28, 2008

Jeffery L. Podawiltz, counsel for Chevron Credit Bank, NA.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE**

***Hussein O. Ali, v. Chevron Credit Bank NA, et al.***

*Eastern District of California*

I, Diane Verduga, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1999 Harrison Street, Suite 1800, Oakland, California 94612-3520. On May 12, 2008, I served a copy of the within document(s):

- **NOTICE OF REMOVAL (FEDERAL QUESTION)**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Hussein O. Ali
5545 W. Paul Avenue
Fresno, CA 93722

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Oakland, California addressed as set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 12, 2008, at Oakland, California.

Diane Verduga

Diane Verduga



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131